# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNELL D. TEAL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-18-635-SLP ) |
| STATE OF OKLAHOMA, | ) ) |
| Defendant. | ) |

## **O R D E R**

Before the Court are various motions, each of which is at issue. Defendant filed a Motion to Dismiss [Doc. No. 8], in response to which Plaintiff filed a "Cross Motion for Continuance" [Doc. No. 9] and "Rebuttal Evidence" [Doc. No. 12], and for which Defendant filed a reply brief [Doc. No. 13].[1] In addition, Plaintiff filed two motions seeking leave to amend his complaint [Doc. Nos. 10-11], to which Defendant has filed no response.

Plaintiff did not comply with Local Civil Rule 7.1(k) in either of his motions seeking leave to amend his complaint. Nor has Plaintiff complied with Local Civil Rule 15.1, which requires that an amendment motion include the proposed amended complaint as an exhibit to the motion. Because he is a pro se litigant, the Court will allow some lenience to Plaintiff at this early stage of litigation. However, the Court cautions Plaintiff that while

---

[1] It is unclear from the certificate of service included in Defendant's reply brief [Doc. No. 13] whether Defendant's filing was mailed to Plaintiff or to a person who does not appear to be associated with this case. The Court reminds Defendant's counsel to ensure proper service of all filings on Plaintiff, who is not a registrant within the Court's ECF system.

"a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citations omitted). In addition, "pro se parties [must] follow the same rules of procedure that govern other litigants," including the Federal Rules of Civil Procedure and this Court's Local Civil Rules (which are available on the Court's website). *Id.*

The Court finds that Defendant has confessed Plaintiff's amendment motions by failing to respond to them. *See* L. Cv. R. 7.1(g). Accordingly, Plaintiff will be allowed to file an amended complaint with those factual assertions and causes of action he deems fit based on the proceedings to date, against those defendants that he believes he may state a claim. Plaintiff is cautioned that if no viable claims are asserted in his amended complaint, or if Plaintiff's claims are asserted only against immune parties or improper defendants, his complaint may be dismissed upon a motion by Defendant without the Court allowing Plaintiff an additional opportunity to amend.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend Complaint [Doc. No. 11] is GRANTED. Plaintiff shall file an amended complaint within 14 days of this Order.

IT IS FURTHER ORDERED that Plaintiff's duplicative Motion to Amend Complaint [Doc. No. 10] is DENIED as MOOT in light of the Court granting Plaintiff's other amendment motion.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [Doc. No. 8] is DENIED as MOOT.[2]

IT IS FURTHER ORDERED that Plaintiff's Cross Motion for Continuance [Doc. No. 9], filed as a response to Defendant's Motion to Dismiss, is DENIED as MOOT.

IT IS SO ORDERED this 28th day of May, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[2] The Court has not reached Defendant's immunity argument and, to the extent applicable, it may be raised in a future motion regarding any amended complaint filed by Plaintiff.